IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| YVONNE HOWETH, as personal representative of Glen Howeth, decedent, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ARAMARK CORPORATION, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS AND LIFTING STAY<br><br><br><br>Case No. 2:10-CV-221 TS |

On March 12, 2010, this action was transferred from the Northern District of Illinois. This case is related to a recently dismissed Admiralty case in this district (the Limitations action).[1] On July 12, 2010, the Court granted Aramark's alternative Motions to Stay this case in favor of the Limitations action.[2]

The procedural posture of the pending motions in this action are as follows: Defendant Marine Technologies moved to dismiss this action for the failure to state a

---

[1] *In re: Complaint of Aramark Sports and Entertainment Services, Inc.*, Case No. 2:08-CV-976 TS (Limitations action).

[2] Docket No. 64.

1

claim. Plaintiff opposed Marine Technologies' Motion but also filed for leave to amend their complaint.

Aramark[3] filed two motions to dismiss or stay this case. The first moved to dismiss Plaintiff's claims in their First Amended Complaint because those claims: are precluded by a stay order issued in the Limitations action, are precluded by the filing of the Limitations action under maritime law; violate the first-filed rule; and, are barred by a contractual hold harmless clause. Westerbeke Corporation joined in that Motion to Dismiss. Aramark's second motion to dismiss sought to dismiss Centek's cross-claims as precluded by the Limitations action and also under the first-filed rule.[4] Twin Anchors Marine, Ltd., joined in Aramark's Motion to dismiss Centek's cross-claims. In both motions to dismiss, Aramark requested as alternative relief that this entire action be stayed pending resolution of the Limitations action.[5] It was the alternative Motions to Stay that the Court granted on July 12, 2010.

In the meantime, there were two motions to dismiss filed in the Limitations action. The parties in the Limitations action consented to the Magistrate Judge hearing and determining those motions. Recently, the Plaintiffs herein moved to lift any stay imposed in the present action because the Magistrate Judge had announced that the Limitations action would be dismissed for lack of subject-matter jurisdiction.

---

[3]Aramark Corporation and Aramark Sports and Entertainment Services, LLC (collectively, Aramark).

[4]Docket No. 41.

[5]Docket Nos. 37.

Aramark acknowledges that the Limitations case is now dismissed[6] and does not oppose lifting any stay in this case to commence discovery and other matters. However, it represents that it intends to appeal the order dismissing the Limitations action and reserves the right to request a stay of trial in this action pending resolution of such appeal.

Based on the entire record in this case, the Court finds that the dismissal of the Limitations action moots or otherwise resolves the Motions to Dismiss in the present case. The only ground for dismissal raised in Ararmark's two Motions to Dismiss that is not resolved or mooted is Aramark's argument that Plaintiff's First Amended Complaint herein should be dismissed as barred by the indemnification provision of the houseboat Rental Agreement. Plaintiffs dispute that their claims are barred by the indemnification agreement because that agreement is not clear and unequivocal, it does not apply for public-policy reasons, it does not apply to the Plaintiffs' gross-negligence claims, it does not apply to the Plaintiffs who did not sign the agreement, it does not apply to the minor Plaintiff s claims, and it does not cover many of the defendants.

Aramark did not specify the rule under which it moved to dismiss based on the contractual indemnification clause. The Court construes the motion to dismiss under the indemnification clause as brought under Fed. R. Civ. P. 12(b)(6). The contract at issue, the Rental Agreement, was not attached to the Complaint but was first attached to

---

[6]Case No. 2:08-CV-976 TS, Docket No. 182 (April Opinion and Order Dismissing Case for Lack of Subject-Matter Jurisdiction).

Aramark's Memorandum in Support of its Motion to Dismiss.[7]  In their Opposition, Plaintiffs also attach a Liability Agreement, in which they argue that Aramark agreed to waive its claims of indemnity against Mr. Howeth.  Aramark does not address the Liability Agreement in its Reply.

Because the Rental Contract and the Liability Agreement are matters outside of the pleadings, the Court will exclude them.[8]  Accordingly, the indemnification provision must fail as a ground to dismiss under Fed. R. Civ. P. 12(b)(6).

The Court will grant Plaintiffs leave to amend their First Amended Complaint.  As a result, Marine Technologies's Motion to Dismiss the First Amended Complaint for failure to state a claim is moot.

Because the Limitations Actions is now dismissed, the Court will lift the stay in the present action.   It is therefore

ORDERED that Marine Technologies Motion to Dismiss (Docket No. 26) is MOOT because Plaintiffs are granted leave to amend the First Amended Complaint to address alleged deficiencies.  It is further

ORDERED that Plaintiff's Motion to Amend/Correct the Complaint (Docket No. 55) is GRANTED and Plaintiffs shall file their second amended complaint within 21 days of the entry of this Order.  It is further

ORDERED Aramark's and Westerbeke Corporation's Motion to Dismiss (Docket No.

---

[7]*See* Docket No. 38 Aramark's Mem. in Supp. Mot. to Dis., Ex. B (Rental Agreement) and Docket No. 58 Pl.s' Mem. in Opp., Ex. F (same) and Ex. G (Waiver).

[8]Fed. R. Civ. P. 12(d).

37) is DENIED. It is further

ORDERED Aramark's and Twin Anchor's Motion Dismiss (Docket No. 41) is DENIED. It is further

ORDERED that Plaintiff's Motion to Lift the Stay (Docket No. 70) is GRANTED and the stay imposed by the July 12, 2010 Order[9] is lifted. It is further

ORDERED that the Motion for a hearing on the Motion to Lift the Stay (Docket No. 72) is MOOT.

DATED   April 13, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[9]Docket No. 64.