IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| YVONNE HOWETH, as personal representative of Glenn Howeth, decedent, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>ARAMARK CORPORATION, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING EX PARTE RELIEF, DEFERRING DECISION ON THE MERITS, AND SETTING MATTER FOR HEARING<br><br>Case No. 2:10-CV-221 TS |

Before the Court is Defendants Aramark Corporation and Aramark Sports and Entertainment Services, LLC's (collectively, "Aramark") Application for Temporary Restraining Order.[1] Aramark seeks to temporarily restrain Plaintiffs and Plaintiffs' counsel from communicating with the media regarding this case. Aramark seeks this relief ex parte. Under Rule 65 of the Federal Rules of Civil Procedure, a court may enter temporary injunctive relief ex parte:

---

[1] Docket No. 112.

1

*only if* (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; *and* (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.[2]

In seeking ex parte relief, Aramark has failed to demonstrate how loss or damage will result before the adverse party can be heard in opposition and has further failed to justify why such notice to Plaintiffs should not be required. Therefore, Plaintiffs' request for ex parte relief is denied.

The Court will defer deciding the merits of Aramark's Motion until Plaintiffs have had an opportunity to be heard. In order to expedite this matter, the Court will hold a hearing on June 15, 2011, at 10:00 a.m. The Court orders Plaintiffs to respond in writing by 11:59 p.m. on June 13, 2011.

It is so ORDERED.

DATED   June 9, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] Fed.R.Civ.P. 65(b)(1) (emphasis added).