IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| YVONNE HOWETH, as personal representative of Glenn Howeth, decedent, et al., <br><br>Plaintiffs, <br><br>vs. <br><br>ARAMARK CORPORATION, et al., <br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING CROSS-CLAIM DEFENDANTS' MOTIONS TO DISMISS <br><br><br><br>Case No. 2:10-CV-221 TS |

The Court has before it Defendant Marine Technologies, Inc.'s ("MTI") Motion to Dismiss Defendant Centek Industries' ("Centek") Cross-Claim,[1] Defendant Aramark Corporation and Aramark Sports and Entertainment Services, LLC's ("Aramark") Joinder in MTI's Motion to Dismiss Centek's Cross-Claim,[2] and Aramark's Motion to Dismiss Defendant Twin Anchors

---

[1]Docket No. 83.

[2]Docket No. 87.

1

Marine's ("Twin Anchors") Cross-Claim.[3]  Having considered the parties' respective arguments, and for the reasons set forth below, the Court will deny the Motions.

## I.  BACKGROUND

Plaintiffs brought this action claiming injuries suffered from exposure to carbon monoxide while aboard a houseboat on Lake Powell.  In Plaintiffs' Third Amended Complaint, they include as defendants the owner of the houseboat (Aramark), the manufacturer of the houseboat (Twin Anchors), the manufacturers of the generator (Westerbeke), the manufacturer of the GEN-SEP unit installed on the houseboat (Centek), and the manufacturer of the CO detectors on the houseboat (MTI).

In Centex and Twin Anchor's Answer, they include cross-claims for allocation of fault against their co-Defendants.

## II.  DISCUSSION

Although separately filed, each of these Motions address identical arguments and can be addressed simultaneously.  The parties all agree that Utah law applies to the instant motion and the Court will, therefore, apply Utah law.  Each of the concerned cross-claims bring a cause of action against the respective cross-claim Defendants for allocation of fault.  The cross-claim Defendants argue that such claims should be dismissed because a cause of action for allocation of fault has no basis in Utah law.  To be sure, the cross-claim Defendants do not contend that submitting the issue of allocation of fault to the jury is inappropriate.  Rather, these Defendants

---

[3]Docket No. 96.

contend that the filing of a separate cross-claim is unnecessary because such allocation is always available under the Utah Liability Reform Act.[4]

Cross-claim Plaintiff Centek responds that not only is a claim for allocation of fault recognized under Utah law, bringing such a claim is necessary to preserve certain defenses.[5] In fact, Centek notes that this Court has previously considered, and rejected, cross-claim Defendants' argument in *Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints v. Queen Carpet Corporation*.[6] There, plaintiff sued defendants for defective installation of carpet in several church buildings across the country. Some of the defendants filed cross-claims against the manufacturer of the carpet for allocation of fault.[7] The cross-claim defendants moved to dismiss on the grounds that a claim for allocation of fault was not cognizable under Fed.R.Civ.P. 13 and 14. After summarizing the relevant Utah case law, this Court concluded that "a defendant's failure to file a claim for apportionment in the initial tort litigation may prevent that party from ever seeking a comparison of its fault with those of other tortfeasors under the Utah system."[8] The Court, therefore, denied the motion to dismiss and allowed the claims to proceed.

---

[4]Utah Code Ann. § 78B-5-817 et seq.

[5]*See* Docket No. 92, at 3 (citing cases).

[6]5 F. Supp. 2d. 1246 (D. Utah 1998).

[7]*Id.* at 1247-48.

[8]*Id.* at 1251.

In arriving at its conclusion, this Court relied heavily upon *National Service Industries, Inc. v. B.W. Norton Manufacturing Company, Inc.*[9] Cross-claim Defendants contend that *National Services* is no longer good law because of intervening amendments to the Utah Liability Reform Act. Cross-claim Defendants argue that the *National Services* court's decision was motivated by the fact that the 1997 version of the Utah Liability Reform Act contained no language regarding allocation of fault to a non-party. Thus, to allocate fault against a non-party, a separate cross-claim was necessary. Since that time, the Utah Liability Reform Act has been amended to provide explicit procedures on how a party may seek allocation of fault against a non-party. Cross-claim Defendants argue that this intervening amendment resolved the *National Services* court's concern and that these amendments implicitly reject the necessity of filing a separate cross-claim.

The Court disagrees and finds a discussion of *National Services* and its summary of the predecessor case *Packer v. National Services Industries, Inc.*,[10] instructive in resolving the present motion. In *Packer*, Sherman Packer's eye was injured when he opened a pressurized container of degreaser soap that he purchased from National Service Industries ("NSI"), who in turn had purchased the container from Norton Manufacturing ("Norton").[11] Packer sued both

---

[9] 937 P.2d 551 (Utah Ct. App. 1997).

[10] 909 P.2d 1277, 1278 (Utah Ct. App. 1996).

[11] *National Servs.*, 937 P.2d at 552 (summarizing *Packer*).

4

NSI and Norton for his injuries. Neither NSI nor Norton, however, filed cross-claims against the other for allocation of fault.[12]

In the *Packer* litigation, Norton filed a motion for summary judgment, asserting it bore no liability to Packer. While Packer did not file an opposition to the motion, co-defendant NSI did. The trial court allowed NSI to be heard, but ultimately resolved the motion in favor of Norton and advised NSI that Norton's comparative fault could not be considered by the jury at trial. NSI appealed. The appellate court found that the trial Court erred in allowing NSI to file an opposition to Norton's motion, as NSI lacked standing to challenge Norton's liability, and dismissed the appeal.[13]

NSI then filed a separate action against Norton for allocation of fault, among other claims. The trial court found that NSI's post-hoc attempt to allocate fault amounted to a claim for contribution, which claim was no longer cognizable under the Utah Liability Reform Act. The appellate court agreed:

> To preserve the right to litigate Norton's liability, NSI must have filed a cross-claim against Norton during the underlying tort action against Packer. In reaching our conclusion, we recognize that prohibiting subsequent apportionment suits essentially requires joint tortfeasor codefendants to raise cross-claims against each other in the underlying tort action or else such claims may be lost. As such, cross-claims for apportionment among joint tortfeasor codefendants are mandatory.[14]

---

[12]*Id.* (summarizing *Packer*).

[13]*Id.* at 552-553 (summarizing *Packer*).

[14]*Id.* at 556.

Later in the opinion, the court clarified what it meant by "mandatory:"

> We note that by declaring apportionment claims mandatory in the underlying tort action, we do not mean that tortfeasor codefendants must file cross-claims to have the other's fault determined in every case. Under the Act, the trier of fact must take other tortfeasor's culpability into consideration when making any damages awards, even if a cross-claim is not or could not be filed.[15]
> . . .
> However, if the trial court rules as a matter of law that a codefendant bears no liability, then the fact-finder does not consider that party when apportioning fault. In circumstances such as here—where one codefendant moves for summary judgment against the plaintiff on the basis that it bears no liability—any other defendant must file an apportionment cross-claim in order to have standing to oppose the other codefendant's motion.[16]

Thus, the *National Services* and *Packer* decisions stand for the proposition that, although a cross-claim for allocation of fault is not necessary to have liability apportioned among co-defendants, filing a separate cross-claim is necessary to preserve certain defenses. Nothing in the present version of the Utah Liability Reform Act appears to alter this holding. Indeed, the logic of *National Services* is rooted in the essential principles of standing—not the language of the Utah Liability Reform Act—and has been repeatedly affirmed by this Court in decisions subsequent to the 1999 and 2005 amendments to the Utah Liability Reform Act.[17]

---

[15]*Id.* at 556 n.2.

[16]*Id.*

[17]*See Milne v. USA Cycling Inc.*, 489 F. Supp. 2d. 1283, 1285 n.3 (D. Utah 2007) (allowing a co-defendant to oppose another co-defendant's motion for summary judgment because a cross-claim had been filed); *Berrios-Bones v. Nexidis, LLC*, 2007 WL 3231549, at *11 (D. Utah Oct. 30, 2007) (denying a motion to dismiss because "Legacy's cross-claim [was] merely a procedural necessity required to preserve all defenses of apportionment of fault against other co-defendants in this case").

In light of the foregoing, the Court concludes that a cross-claim for allocation of fault remains cognizable under Utah law. The Court will, therefore, deny the Motions to Dismiss.

III. CONCLUSION

It is therefore

ORDERED that Defendant Marine Technologies, Inc.'s Motion to Dismiss Defendant Centek Industries' Cross-Claim (Docket No. 83) is DENIED. It is further

ORDERED that Defendants Aramark Corporation and Aramark Sports and Entertainment Services, LLC's Joinder in MTI's Motion to Dismiss Centek's Cross-Claim (Docket No. 87) is DENIED. It is further

ORDERED that Defendants Aramark Corporation and Aramark Sports and Entertainment Services, LLC's Motion to Dismiss Defendant Twin Anchors Marine's Cross-Claim (Docket No. 96) is DENIED.

DATED   June 14, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge